### In re CARLTON FRUIT COMPANY, INC., Debtor.

**Gary DUBIN, Trustee, Russ Cali, Jr., Mark Langer, Mario Rodriguez and Joseph Dubin, Plaintiffs,**

v.

### CARLTON FRUIT COMPANY, INC., Defendant.

Bankruptcy No. 87–843–8P1.
Adv. No. 87–67.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 9, 1988.

Steven J. Brodie, Jr., Miami, Fla., for plaintiffs.

Don M. Stichter, Tampa, Fla., for defendant.

James H. Peterson, Lakeland, Fla., for Wauchula State Bank.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon cross motions for summary judgment. The motions were filed by Carlton Fruit Company (Debtor), the Defendant in this adversary proceeding and by Gary Dubin, Trustee, Russ Cali, Jr., Mark Langer, Mario Rodriguez and Joseph Dubin (Plaintiffs), the Plaintiffs in this proceeding. The Court has considered the motions, together with the record, has heard argument of counsel and finds as follows:

It is the contention of the Plaintiffs that there are no material issues of genuine fact regarding Count I of the complaint, which seeks a declaratory judgment as to the Plaintiffs' rights under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* (PACA), and, therefore, the issue whether the Plaintiffs have satisfied the requirements imposed by PACA to create a constructive trust on perishable agricultural commodities of the Debtor may be decided as a matter of law. The Debtor likewise moves for summary judgment and agrees that there are no genuine issues of material facts to be resolved, and that Count I may be determined as a matter of law.

The following facts relevant to the matter under consideration as set forth in the record are without dispute. The Plaintiffs own various orange groves in the State of Florida. On November 24, 1986, Gary Dubin, Trustee, on behalf of the Plaintiffs, entered into a fruit purchase contract with the Debtor wherein the Debtor agreed to buy and pick Tangelo, E & M, and Valencia oranges from the Plaintiffs' groves. (Exh. A) The contract further provided that all fruit picked by a Friday would be paid for on the following Friday (Exh. A)

It is without dispute that the Debtor picked fruit on the Plaintiffs' groves, that the Debtor did not leave pick slips for the Plaintiffs, and that at least part of the fruit picked was sold by the Debtor to Lykes–Pasco, a fruit packer who ships fruit to various parts of the United States. Payment by the Debtor was due on January 9th and the following 6 Fridays thereafter, but no payments were made. It appears that on February 24, 1987, Dubin, as Trustee, filed a notice to preserve trust benefits with the U.S. Department of Agriculture pursuant to applicable PACA provisions (7 U.S.C. § 499e and (c) when it became evident that the Debtor would not make payment for fruit picked. The written notice of intent lists the name of the trust beneficiary as Gary Dubin, Trustee, and states that payment was due on the following dates in 1987: January 9, 16, 23, 30 and February 6, 13 and 20th, and that the Debtor failed to make payment.

7 U.S.C. § 499e(c)(2), which governs the matter under consideration, provides in part as follows:

perishable agricultural commodities received by a commissioned merchant, dealer or broker in all transactions ... shall be held by such commissioned agent, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents ... (3) the unpaid supplier, seller or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the secretary within 30 calendar days (i) after expiration of the time prescribed by which payment must be made is set forth in the regulations issued by the secretary (2) after expiration of such other times by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction or (3) after the time the supplier, seller or agent has received notice that the payment instrument promptly presented for payment has been dishonored.

Further, 7 C.F.R. 46.46(g)(3) provides that a notice of intent under PACA must be in writing, must include a statement to the effect that it is a notice of intent to preserve trust benefits, and must include information which establishes for each shipment (1) the name and address of the trust beneficiary and the debtor, (2) the date of the transaction, commodity, contract terms, invoice price and the date payment was due and (3) the amount past due and unpaid.

It is well established that PACA provides an immediate remedy for sellers of perishable commodities who otherwise, as unsecured creditors, would be required to await the satisfaction of claims of those creditors with security interests in inventory proceeds of a picker or dealer who failed to make payments for fruit picked. This remedy consists of the imposition of a constructive trust on inventory and proceeds

of the picker or dealer for the benefit of unpaid sellers of produce, and this trust exists until full payment has been received by the seller. Pursuant to PACA, the inventory and proceeds impressed with the trust are not part of a Debtor's estate and are held for the sole benefit of unpaid sellers. *In re Fresh Approach, Inc.*, 48 B.R. 926 (Bankr.N.D.Tex.1985) As the purpose of PACA is to protect sellers, it is clear that the purpose of the notice of intent to establish the trust is merely to notify the Secretary of Agriculture of the trust and also, of course, to notify the Debtor.

Based on the foregoing, it is the contention of the Debtor that as the Plaintiffs' notice of intent did not specifically list each of the Plaintiffs and did not state the date of the transaction, contract terms, the date payments were due and the amount of fruit picked, the notice was defective and therefore no trust can be imposed pursuant to PACA. In opposition, the Plaintiffs contend that these alleged defects are not fatal to the notice as the purpose of the PACA notice of intent was satisfied and as the requirements set forth in the federal regulations are not mandatory.

Based on the foregoing, this Court is satisfied that any alleged defects in the notice are not fatal and a constructive trust may be imposed on the Debtor's inventory and proceeds in favor of the Plaintiffs pursuant to PACA. First, as the Debtor did not leave pick slips with the owners of the groves involved, it is evident that the Plaintiffs have done everything possible to comply with the notice requirement. This is despite the fact that later, after Dubin, as Trustee, had filed the notice to preserve trust benefits the Debtor gave the Plaintiffs the pick slips. Moreover, it is incomprehensible that Congress intended with legislation clearly designed to protect a seller of perishable agricultural commodities that a dealer in the commodities such as the Debtor could avoid the imposition of a PACA trust simply by refusing to give to the seller the information needed for the notice of intent, for example, the pick slips which would reflect the amount of fruit picked. The fact that the notice listed only Dubin as Trustee equally lacks merit as it

was Dubin, as Trustee, that executed the contract on behalf of the Plaintiffs and not the beneficiaries of the trust.

Based on the foregoing, this Court is satisfied that the Plaintiffs' Motion for Summary Judgment as to Count I of the Complaint is well taken and should be granted and it is hereby determined that the Plaintiffs are entitled to the imposition of a PACA trust on assets of the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiffs' Motion for Summary Judgment as to Count I of the Complaint be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the remainder of the adversary proceeding be, and the same is hereby, set for pre-trial conference on March 22, 1988 at 3:30 pm.

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, denied.